UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

SINDORA PARKER #259182,

        Plaintiff,                   Case No. 2:07-cv-124

v.                                         Honorable R. Allan Edgar

ROBERT MULVANEY, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On August 30, 2007, this Court ordered service of Plaintiff's complaint on Defendants. On December 28, 2007, and April 23, 2008, Defendants filed motions for summary judgment (docket #35 and #62) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff filed responses (docket #46, #48 and #57) and an affidavit (docket #45) on February 29, 2008, March 3, 2008, and March 19, 2008. In addition, Defendants have filed a reply to Plaintiff's responses (docket #52) on March 28, 2008.

### Applicable Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir.), *cert. denied*, 126 S. Ct. 650 (2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th

Cir.), *cert. denied*, 126 S. Ct. 338 (2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief of the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no

2

reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## Facts

Plaintiff is presently incarcerated at the Alger Maximum Correctional Facility (LMF). In his *pro se* complaint, he sues Security Threat Group (STG) Coordinator Robert Mulvaney, Grievance Director James Armstrong, Deputy Warden Lloyd Rapelje, Assistant Deputy Warden Lyle Rutter, Captain Keena M. Jones, Captain Anthony Immel, Inspector Jeff Contreras, Corrections Officer T. Lancour, Corrections Officer Jim Betz, Corrections Officer Unknown Steinman, and Hearing Officer Linda Maki. Plaintiff alleges in his complaint that his equal protection and due process rights have been violated by false misconduct tickets, his improper placement on STG status, and being kept in administrative segregation for an extended period of time. Plaintiff seeks damages, as well as declaratory and injunctive relief.

## Discussion

Defendants claim that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*,

3

215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ R, X. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R,

---

[1] The MDOC amended Policy Directive 03.02.130 on July 9, 2007. However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

DD.  The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances.  *Id.* at ¶ FF.  If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form.  *Id.* at ¶¶ R, HH.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.* at ¶ HH.  The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director.  *Id.* at ¶ II.  Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process.  *Id.* at ¶ U.  "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ."  *Id.*

In addition, the grievance policy provides that, where the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step III.  *Id.* at ¶S.  In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I.  *Id.*

In his complaint, Plaintiff claims that he was transferred to LMF on February 3, 2006.  Between that date and the filing of this action on June 21, 2007, Plaintiff filed six grievances.  Defendants attach a copy of the Grievance Inquiry Screen and copies of each of these grievances to their brief in support of the motion for summary judgment.  The pertinent grievances are as follows:

1. Grievance No. LMF-06-09-3435-08g - Asserting that Defendant Jones has Plaintiff improperly placed on STG status on September 11, 2006.

2. Grievance No. 2000037-28b - Was rejected as containing vague and extraneous information in violation of policy.

      3.      Grievance No. LMF-07-01-261-18a - Asserting Defendant Contreras improperly requested that Plaintiff be placed on STG II status because of a weapons misconduct.

      4.      Grievance No. LMF-07-02-530-22z  - Asserts that he only receives three channels on his television.

      5.      Grievance No. LMF-07-03-881-17a - Asserts the denial of "protection placement" that Plaintiff had requested.

      6.      Grievance No. LMF-07-04-1614-28b - Was rejected as vague and containing multiple issues in violation of grievance policy.

(*See* Defendants' Exhibits E-J.)

As noted by Defendants, Grievance Nos. LMF-06-09-3435-08g and LMF-07-01-261-18a are the only grievances which concern the allegations in Plaintiff's complaint. At step I of LMF-06-09-3435-08g, Plaintiff contended that on September 11, 2006, Defendant Jones recommended that Plaintiff be placed on STG status despite the fact that Plaintiff had renounced his STG membership. (*See* Defendants' Exhibit E.) At step I of LMF-07-01-261-18a, Plaintiff claimed that on January 11, 2007, he was placed on STG II status despite the fact that the misconduct he had committed was not STG related.[2] Plaintiff claims that this action was recommended by Defendant Contreras. (*See* Defendants' Exhibit G.)

Initially, Defendants note that Plaintiff did not name Defendants Betz, Mulvaney, Armstrong, Bergh, Rapelje, Rutter, Immel, Lancour, Steinman, and Maki in the pertinent step I grievances. Therefore, they assert that Defendants Betz, Mulvaney, Armstrong, Bergh, Rapelje, Rutter, Immel, Lancour, Steinman, and Maki are entitled to summary judgment. In response to this assertion, Plaintiff states that the policy in effect during the time period of Defendants' alleged

---

[2]According to the grievance response, Plaintiff was placed on STG II after he was found guilty of a major misconduct for possession of a weapon.

misconduct did not require him to specifically name each party in his grievance. Plaintiff is incorrect. As noted above, the policy in effect during the pertinent time period required that dates, times, places and names of all those involved in the issue being grieved are to be included in the step I grievance.

Plaintiff also claims that he did not become aware of the identity of some of the Defendants until he was interviewed in relation to the step I grievances. Therefore, Plaintiff states that he named these parties in his step II and III grievance appeals. However, in order to properly exhaust Michigan Department of Corrections grievance procedures, a prisoner must raise each of his claims for the first time at Step I. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). Raising allegations against a particular defendant for the first time at Step II or III is insufficient to demonstrate exhaustion. *Id.* at 576 n.4. Rather, once Plaintiff discovered the identity of the responsible parties, he should have filed a step I grievance naming these individuals. Therefore, in the opinion of the undersigned, Defendants Betz, Mulvaney, Armstrong, Bergh, Rapelje, Rutter, Immel, Lancour, Steinman, and Maki are entitled to summary judgment for failure to exhaust administrative remedies.

Defendants also state that because Plaintiff failed to assert in his grievances that he was being discriminated on the basis of race, he has not exhausted this claim, so that Defendants Jones and Contreras are entitled to summary judgment. As noted above, the Policy Directive provides that "[i]nformation provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how)." MDOC Policy Directive 03.02.130 ¶ T (emphasis in original). There is no requirement that prisoners set forth the legal theory for their claim. Therefore, Defendants' contention that Defendants Jones and Contreras are entitled to summary judgment lacks merit.

7

**Recommended Disposition**

For the foregoing reasons, I recommend that Defendant Betz' motion for summary judgment (docket #62) be granted, and that the motion for summary judgment filed by Defendants Rutter, Bergh, Mulvaney, Maki, Armstrong, Repelje, Immel, Lancour, Contreras, Jones, and Steinman (docket #35) be granted with regard to Defendants Rutter, Bergh, Mulvaney, Maki, Armstrong, Repelje, Immel, Lancour and Steinman, but denied with regard to Defendants Contreras and Jones.

In addition, Defendants' motion to strike (docket #65) and Plaintiff's motion to supplement his response (docket #72) are denied as moot, as the pleadings at issue do not change the recommendation in this case.

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   September 3, 2008

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).