UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SINDORA PARKER #259182 ,

    Plaintiff,

v.                                                              Case No. 2:07-cv-124
                                                              HON. R. ALLAN EDGAR

ROBERT MULVANEY, et al.,

    Defendants.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on July 10, 2009. The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In his objections, Plaintiff claims that the length of time he was kept in administrative segregation implicates the Due Process Clause. However, Plaintiff was only in administrative segregation for a period of three and a half months. Plaintiff has alleged nothing approaching the length of segregation that the Sixth Circuit has found to be "atypical and significant" in its duration. *See Harden-Bey v. Rutter*, 524 F.3d 789 (6th Cir. 2008) (holding that allegations that a prisoner has been indefinitely confined to administrative segregation for more than three years states a procedural due process claim). In addition, Plaintiff reasserts the allegations set forth in his response to Defendants' motion for summary judgment and in his underlying complaint. The Magistrate Judge

carefully considered the record and found that Defendants' conduct did not violate Plaintiff's constitutional rights. Accordingly, Plaintiff's objections lack merit.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and Defendants' motion for summary judgment (docket #106) will be GRANTED and Plaintiff's action will be dismissed in its entirety.

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum. Accordingly, should plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.

Dated:     8/11/09         */s/ R. Allan Edgar*    
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE